CATHERINE FLOYTRUP *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.    January 15, 1895. — February 28, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Usage — Due Care — Negligence — Evidence.*

In an action against a railroad corporation for personal injuries occasioned to the plaintiff while alighting from a train which had arrived within the limits of a station, although not at the portion of the station at which its passengers were expected to leave it, evidence of the usage of the road that one train should not enter a station while another train was engaged in delivering passengers there, is competent upon the question whether the defendant's servants managed the train in a proper manner; and if the plaintiff knew of it bears also upon the question whether he used due care.

In an action against a railroad corporation for personal injuries occasioned to the plaintiff while alighting from a train, it appeared that the train had arrived within the station but not at that portion of it where passengers were expected to leave the train. The stop was made, not to deliver passengers, but to allow another train to deliver its passengers. The plaintiff's evidence tended to show that three passengers preceded him and had alighted, and that while the train remained stationary he had one foot off the lower step when the train started without warning and threw him upon the platform. The defendant's evidence tended to show that the train stopped from thirty seconds to a minute, and that it was again in motion when the plaintiff was on the second step from the top, the car having four steps, and that the train continued in motion while he descended the remaining steps and stepped from the train. The plaintiff offered evidence to show that when the train reached the station, and before it stopped, the words, "Lynn, change for Boston," were called by some one so as to be audible to the passengers, and in the manner in which stations are usually announced. The evidence was excluded because it did not appear that the call was made by any person employed by the defendant. *Held,* that whether the announcement was

made by a railroad man or by another person, it was competent both upon the question whether the plaintiff's conduct was careful, and upon the question whether the defendant's servants used due care to prevent him from alighting at a time when the train was not stopped to deliver passengers.

If, as a train is about to stop within the limits of a station, not to deliver passengers, but to allow another train to deliver its passengers, an unauthorized announcement of the station is made accompanied by a direction to "change" for another station, it is a question for the jury whether the fact that such a call has been publicly made does not impose upon the carrier a duty to give a counter warning that passengers are not yet to leave the train, and whether it may be found to be negligence on the part of the carrier to suffer a passenger to go upon the platform, without warning, for the purpose of leaving the train under such circumstances.

In an action against a railroad corporation for personal injuries occasioned to a passenger in alighting from a train within the limits of a station where the train had stopped, not to deliver passengers, but to allow another train to deliver its passengers, testimony of a brakeman that he did not hear an authorized announcement of the station accompanied by a direction to "change" for another station is competent as bearing upon the question whether it was his duty to warn passengers who appeared to be about to leave the train that it had not stopped to allow them to alight; and testimony offered in rebuttal, that such an announcement was made, has some tendency to contradict the testimony of the brakeman, and is admissible for that purpose.

TORT, for personal injuries occasioned to the plaintiff while alighting from a train of the defendant in the station at Lynn, on the evening of December 29, 1892. At the trial in the Superior Court, before *Maynard*, J., the jury returned a verdict for the defendant, and the plaintiff alleged exceptions, the nature of which sufficiently appears in the opinion.

*J. F. Libby*, for the plaintiff.

*S. Lincoln*, for the defendant.

BARKER, J. The evidence of the usage of the road, that one train should not enter a station while another train was engaged in delivering passengers there, was competent upon the question whether the defendant's servants managed the train in a proper manner; and if the plaintiff knew of it, it bore also upon the question whether she used due care. There was evidence that she had frequently used the railroad between Lynn and Marblehead, and this was evidence from which the jury might have found that she knew of the usage. The evidence of the usage was therefore rightly admitted. *O'Neill* v. *Lynn & Boston Railroad*, 155 Mass. 371.

The remaining question is whether the evidence offered by the plaintiff, that when the train reached Lynn, and before it

stopped, " Lynn, change for Boston," was called by some one, was admissible. This evidence was excluded because it did not appear that the call was made by any person employed by the defendant. This was while the plaintiff was putting in her case. In the putting in of the defendant's evidence, after the conductor had testified that he did not then announce the station, Lynn, and the brakeman had testified that he did not call out the name of Lynn as the station when the train came to the place where it stopped to wait while the other train discharged its passengers, the brakeman was asked, " Did you hear any one call, ' Lynn, change for Boston ' ? " and answered, " No, sir." In rebuttal, the plaintiff again offered the testimony excluded in chief relative to the calling of the station.

Upon the undisputed evidence, the train had arrived within the limits of the station at Lynn, although not at the portion of the station at which its passengers were expected to leave it, and had completely stopped when the plaintiff started from her seat to leave the car. The stop was not made to deliver passengers, but for the purpose of allowing another train to deliver its passengers in the same station. The plaintiff's evidence tended to show that three passengers preceded her in leaving the car, and had alighted from the train, and that while the train remained stationary she had got as far as the lower step, and had one foot off the step in the act of alighting, when the train started suddenly and without warning, and threw her upon the platform. The defendant's evidence tended to show that the train stopped from thirty seconds to a minute, and that it was again in motion when the plaintiff was upon the second step from the top, the car having four steps, and that the train continued in motion while she descended the remaining steps and stepped from the train.

We understand from the offer that the words, " Lynn, change for Boston," were called out in the train so as to be audible to the passengers and in the manner in which stations are usually announced. Evidence that such an announcement was so made would of itself perhaps be some evidence that it was made by a servant of the defendant, as no one else would have a right to make such an announcement. But however that may be, we think that evidence that such an announcement was made when

the train reached Lynn, and before it stopped, whether the announcement was made by a railroad man or by any person, was competent both upon the question whether the plaintiff's conduct was careful and upon the question whether the defendant's servants used due care to prevent her from attempting to leave the train at a time when it was not stopped to deliver passengers. A passenger hearing such an announcement cannot be presumed to know that it is not made by the authority of the carrier, and, if the plaintiff did not know that the announcement was unauthorized, she was justified in preparing to alight when the train stopped. *England* v. *Boston & Maine Railroad*, 153 Mass. 490, 492. As affecting the question whether she was in the exercise of due care, the evidence was the more important, because of the defendant's contention that she knew the usage under which the train had stopped, not to deliver passengers, but for the purpose of avoiding danger to passengers leaving another train. If in the exercise of due care she supposed that the train had stopped to enable passengers to leave it, and it did not start until she was in the act of descending the steps, the fact that the train had started before she left it did not of itself prevent her recovery, if she did not know that it had started. *Merritt* v. *New York, New Haven, & Hartford Railroad*, 162 Mass. 326. From all the evidence the jury might have found that the train started when she was upon the second step from the top, but that she did not perceive that it was in motion until she had got as far as the lower step, and had one foot off in the act of alighting.

So too, if, as a train is about to stop at a station for such a purpose as that for which the defendant's train was stopped, an unauthorized announcement of the station is made accompanied by a direction to " change " for another station, we think it a question for the jury whether the fact that such a call has been publicly made does not impose upon the carrier a duty to give a counter warning that passengers are not yet to leave the train, and whether it may be found to be negligence on the part of the carrier to suffer a passenger to go upon the platform, without warning, for the purpose of leaving the train under such circumstances.

Finally, we think that the testimony of the brakeman that he did not hear any one call, " Lynn, change for Boston," was com-

petent as bearing upon the question whether it was his duty to warn passengers who appeared to be about to leave the train that it had not stopped for the purpose of allowing them to alight, and that the testimony, offered in rebuttal, that such an announcement was made had some tendency to contradict the testimony of the brakeman, and should have. been admitted for that purpose also.                    *Exceptions sustained.*