RAILROAD *v.* MITCHELL.

98   27
o110  475
110  477

(*Knoxville.*    November 17, 1896.)

1. COMMON CARRIER. *Recovery for injuries sustained in alighting from a moving train.*

A passenger can recover for an injury sustained in alighting from a moving train, when, by the carrier's fault, he had no choice but to leave the cars, while in slow motion, or submit to the inconvenience of being carried beyond his destination—the speed of the train not being such as to indicate danger. (*Post, pp. 29, 30.*)

Case cited: Railroad *v.* Massengle, 15 Lea, 328.

2. SAME. *Must give sufficient time for passengers to leave trains.*

A common carrier is guilty of negligence if it fails to stop its trains at stations a sufficient length of time to enable passengers, including the aged and very young, by the exercise of due care and diligence, to leave the cars in safety and without hurry or confusion, or if, after having waited a reasonable time, it starts its train when it was known, or should by reasonable care have been known, that passengers were in the act of alighting from the cars. (*Post, pp. 30, 31.*)

3. SAME. *Rendering passenger assistance in alighting from train.*

As applied to a woman, aged seventy-six years and weighing two hundred pounds, the following instruction, taken as a whole, is not erroneous, to wit: "It was the duty of defendant company to use all reasonable care and diligence for her safety while on and getting off of the train, and to give a reasonable time on arriving at the depot (her destination), to alight from the train in safety, and it was the duty of the company, or some agent or employee of defendant in charge of the train, to see

that sufficient time was given for that purpose, and, if necessary, to assist her in making her exit." (*Post, pp. 31, 32.*)

### FROM GREENE.

Appeal in error from Circuit Court of Greene County.  H. T. Campbell, J.

Shoun & Susong for Railroad.

Pettibone & Millburn for Mitchell.

McAlister, J.  The plaintiff below, Mrs. Mary Mitchell, recovered a judgment, in the Circuit Court of Greene County, against the defendant company for the sum of six hundred and fifty dollars, damages for personal injuries.  The company appealed, and has assigned errors.

The declaration avers that, on December 15, 1894, the defendant railway company was operating a line of railway through the county of Greene, and, on said date, plaintiff became a passenger thereon from Mosheim to Greeneville; that she had purchased her ticket, taken her seat in the proper car, delivered the ticket to the conductor, and had informed him that she wished to get off at Greeneville; that the plaintiff, immediately upon the arrival of the train at Greeneville, looked for the conductor to aid her in alighting, and, not seeing him, started to get off;

that while she was in the act of descending the steps the train suddenly started, throwing her down to the ground upon her right knee, wounding and bruising it, and causing her great pain and rendering her helpless for six months. She avers that the stop of the cars was too short to allow her to leave the train with safety, and that no assistance was given her in alighting by any of the defendant's employees, and that her injury was the direct and necessary result of the defendant's negligence in not allowing her sufficient time to alight with safety. Plaintiff claims that she still suffers from the hurt, and is permanently injured.

The contention made on behalf of the company is, that the train had reached the station, made its stop, and had started again, when the plaintiff, coming out of the door upon the platform, discovered that the train was in motion; that the danger of attempting to alight was obvious, and that plaintiff elected to remain upon the train, and protested to her son, who was urging her to jump, that she would be hurt if she attempted to get off, and, thereupon, plaintiff sat down upon the platform; that her son, John Mitchell, thereupon took hold of plaintiff while the train was still in motion, and she was swung off, falling to the ground and sustaining the injuries. Defendant claims that this was done without the direction or knowledge of its servants and agents. And the insistence is, that a person alighting from a moving train does so at his own risk. Citing

*Railroad* v. *Massengale*, 15 Lea, 328; Hutchinson on Carriers (2d Ed.), Sec. 643; Wood on Railroads (1st Ed.), Vol. II., Sec. 305, pp. 1136, 1137.

Plaintiff testified that she had gotten down to the second step when she felt the jolt of the train starting; that her son was standing there upon the ground and told her to jump; that she took hold of her son and swung to the ground.

John Mitchell testified: "I got on the steps just as plaintiff came out of the door. I went down the steps ahead of her, backing. I had my arm under hers, and her hand was on my shoulder. 1 had just got on the ground when the train started, and think she had her feet on the lower step. After she got on the lower step I swung her off, and she was clinging with her arms around my neck when the train started off."

It is insisted that a person alighting from a moving train is guilty of such contributory negligence as will bar a recovery. Says Mr. Woods, in his work on Railroads, Vol. II., pp. 11, 13: "As a rule, it may be said that, where a passenger, by the wrongful act of the company, is compelled to choose between leaving the cars while they are moving slowly, or submitting to the inconvenience of being carried by the station where he desires to stop, the company is liable for the consequences of the choice, provided it is not exercised negligently."

The real question presented in the case is, whether or not a reasonable time was afforded the plaintiff

Railroad v. Mitchell.

to alight.   As railroad companies usually carry not merely the vigorous and active, but also those who from age or extreme youth are slower in their movements than vigorous and active persons, the time of stopping is not to be measured by the time in which the latter may make their exit from the train, but by the time the other class may, using diligence, but without hurry or confusion, alight.   Those in charge of the train are bound to presume that there may be such persons in the cars, and, unless they know there are not, they have no right to start the train until they have waited long enough to allow such passengers to alight, nor, even after waiting a reasonable time for such persons to get off, have they a right to start the train without using reasonable care to ascertain if there are such persons in the act of getting off.   It certainly would not be permissible for them to be so reckless of the lives or limbs of passengers as to start the train when they know, or with reasonable care might know, that the passengers were in the act of alighting. Hutchinson on Carriers, Sec. 612, and cases cited.

The record shows plaintiff was an old lady seventy-six years of age and weighed two hundred pounds.   The verdict of the jury settles the question that plaintiff was not allowed a reasonable time to disembark, and that she exercised reasonable prudence in attempting to alight from the train while it was still moving slowly.

The third assignment of error is, that the Court

charged the jury that it was the duty of the con-
ductor or some agent ,or employee of defendant in
charge of the train, if necessary, to assist plaintiff
in making her exit.   This assignment is only a part
of the instruction given on the subject.   The whole
charge was, viz.: "It was the duty of defendant
company to use all reasonable care and diligence for
her safety while on and getting off of the train,
and to give a reasonable time, on arriving at the
depot in Greeneville, to alight from the train in
safety, and it was the duty of the company, or
some agent or employee of defendant in charge of
the train, to see that sufficient time was given for
that purpose, and, if necessary, to assist her in
making her exit."

We think that, in the connection given, there
was no error in the charge.   Other assignments were
considered orally and overruled.   There is no error,
and the judgment is affirmed.