MARY BARRY *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

Worcester.   October 4, 1898. — October 20, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, BARKER, & HAMMOND, JJ.

*Personal Injuries — Railroad — Negligence — Instructions — Law and Fact — Declaration — Variance.*

In an action against a railroad corporation for personal injuries sustained by a passenger while alighting from a train, the defendant is not entitled to a ruling that "the act of the brakeman in calling the station and the actual stopping of the train are not evidence to warrant a finding that the defendant negligently led the plaintiff to suppose the train had reached the place for him to alight," there being other circumstances bearing upon the question whether the plaintiff supposed the train had reached such place, and has no ground of exception to the ruling that "the act of the brakeman in calling the station and the actual stopping of the train are to be considered by you in connection with the care which it was necessary for the plaintiff to use in the exercise of his senses to determine whether the defendant negligently led the plaintiff to suppose the train had reached the place for him to alight."

In an action against a railroad corporation for personal injuries sustained by a passenger while alighting from a train, a ruling requested by the defendant, that " the action of the brakeman in calling the station was not an invitation to alight from the train at all, or, if it was, it was not an invitation to alight from the train until it had come to a stop at the station where it was designed to discharge the passengers," is fairly covered by the ruling that " he was bound to use due care to ascertain whether the train reached the place designed for passengers to alight, and had no right to assume it, simply because the brakeman had announced the station, and the train had. stopped; he must use his senses."

If the declaration in an action against a railroad corporation for personal injuries sustained by a passenger while alighting from a train alleges that " at or near the station at S. the defendant's employee called out in the car in which the plaintiff was seated, ' S.,' and thereupon the said car stopped and came to a standstill, and that thereafter the plaintiff, relying upon the said announcement and believing therefrom and from the stopping of said car that the passenger station had been reached, attempted to alight from said car," and that, as he was on the point of doing so, the train suddenly started and he was thrown to the ground and injured, the defendant is not entitled to a ruling that " on the pleadings and evidence in this case there can be no recovery unless the train had come to a stop at the place designed for passengers to alight," and proof that the train stopped elsewhere than at such place is no variance.

In an action against a railroad corporation for personal injuries sustained by a passenger while alighting from a train, the defendant is not entitled to a ruling that " the evidence is not sufficient to warrant a finding that the train had, at the time the plaintiff attempted to step off, come to a stop at the place designed for passengers to alight," if the evidence is conflicting upon that point, but the effect of the whole evidence is for the jury, and it cannot be said, as matter of law, that they were not justified in reaching the conclusion which they did.

TORT, for personal injuries sustained by the plaintiff while a passenger on the defendant's railroad. The declaration alleged that " at or near the station at South Framingham the defendant's employee called out in the car in which the plaintiff was seated, ' South Framingham,' and thereupon the said car stopped and came to a standstill, and that thereafter the plaintiff, relying upon the said announcement and believing therefrom and from the stopping of said car that the passenger station had been reached, attempted to alight from said car; that as she was on the point of stepping from said car the train suddenly started and she was thrown with great force to the ground," and was injured.

Trial in the Superior Court, before *Gaskill*, J., who allowed a bill of exceptions, in substance as follows.

The plaintiff testified that she purchased a ticket, and left Worcester at five minutes past nine o'clock in the evening; that

the train did not stop between Worcester and South Framingham; that there was nobody in the car but herself and two girls, and on the way from Westborough to South Framingham the two girls moved into the car ahead; that she was in the car alone at the rear end thereof from Westborough to South Framingham; that she sat with her arm on the window, and the brakeman came to the front of the car, and said, "South Framingham," twice; that she never moved until the car came to a standstill, and then she stepped down on to the third step and was about taking the fourth step on the platform when the car started, and that was all that she knew or remembered; that she was sitting in the second seat from the door at the end of the car, and the brakeman came to the forward end of the car and made the announcement, and then she got up and went out on the platform; that she had frequently been on the train; that it was the seventh time she had taken this train within a year; that the first knowledge she had that the car was in motion after she got up to go on the platform was when she had taken the first step, and as she was going to step on the last step the car started with full force; and that there were four steps on the car, and she had taken three steps before she knew the car was in motion.

On cross-examination, she testified that she knew where the platform was and where the station was; that she got on the rear end of the rear car on that train; that there was no car behind the car that she got on; that she kept the seat that she took at Worcester all the way, and never moved at all; that she sat on the right hand side of the car; that she got out of the car on the same platform of the car as that on which she entered it; that she knew before the brakeman spoke where she was, or knew pretty well where she was; that she kept watch so that she knew where she was; that all the brakeman said was, "South Framingham," twice; that she did not see any electric lights at the station; that she saw the electric lights in the cars; that she did not see where the car was with reference to the South Framingham station; that when the brakeman holloed she sat there until the train came to a standstill, and then she got up; that she had to take three or four steps to get on the steps of the car; that she looked to pick her steps, as it was dark when she got

out; that when she got out on the platform of the car she did not look to see where the car was; and that she saw the platform of the station there.

Her examination was continued as follows:

" Q. Did you step out on the platform or not? A. I did not step on the platform. — Q. What did you step on? A. I stepped on the last step of the car and just my step on the railroad. — Q. What were you going to step on? A. That is all I know. I don't know anything what became of me. — Q. You knew what you looked to see, what you were going to step on? A. I did. — Q. Did you see whether you were going to step on the platform or going to step off on the track or on the ground? A. I stepped on the track, on the step of the platform. — Q. Which, the track or platform? A. I could n't tell you. — Q. You did not know anything what you were going to step on? A. I stepped on to the platform of the cars. — Q. You mean the platform of the station? A. Yes."

She testified further that she tried to step off on the platform; and that when the train started she was stepping on the fourth step and just stepping on the platform.

The defendant called ten witnesses, who testified that the train was made up of the engine, baggage car, a smoking car, two common coaches, two parlor cars, and a dining car. All the witnesses but one testified that the two common coaches were ahead of the two parlor cars, and that the dining car was at the rear end of the train next to the two parlor cars. The engineer said the two parlor cars were ahead of the two coaches. All the witnesses who testified as to the whereabouts of the plaintiff after she fell testified that she was found opposite the rear trucks of the dining car, on the earth, where there was no platform, and at a point which was westerly of the Milford Branch track, and at a distance of some two hundred feet from the west end of the station.

The plaintiff was found by the rear end brakeman, who was on the rear end of the dining car, after the train had come to a final stop at the station.

The plaintiff's testimony was that she was in a common coach and not in a parlor car.

The evidence for the defendant tended to show that the plain-

tiff was in the rear end of the rear common coach; that if the common coaches were in the rear of the parlor cars and next to the dining car, then nearly the whole length of the dining car passed the point where she stepped or was thrown off after she was so thrown off; that if the common coaches were ahead of the two parlor cars, then the whole length of the two parlor cars and nearly the whole length of the dining car passed the point where she stepped or was thrown off after she so stepped or was thrown off; and that the train made no stop until it reached the final stop at the station, and made no start after its final start, until it finally started for Boston, after the plaintiff had been found upon the ground.

The defendant asked the judge to rule as follows:

" 1. If the plaintiff undertook to step off the train when it was in motion, and was injured in consequence, she cannot recover.

" 2. If the train had not come to a stop when she attempted to step off, she cannot recover, whether she knew it was in motion or not.

" 3. The plaintiff cannot recover unless the train, at the time she attempted to step off, had come to a stop at the place designed for passengers to alight, unless there is evidence to satisfy the jury that the defendant negligently led the plaintiff to suppose the train had reached and stopped at such place.

" 4. The act of the brakeman in calling the station and the actual stopping of the train are not evidence to warrant a finding that the defendant negligently led the plaintiff to suppose the train had reached the place for her to alight.

" 5. She was bound to use due care to ascertain whether the train 'had reached the place designed for passengers to alight, and had no right to assume it simply because the brakeman announced the station, and the train had stopped.

" 6. The action of the brakeman in calling the station was not an invitation to alight from the train at all, or, if it was, it was not an invitation to alight from the train until it had come to a stop at the station where it was designed to discharge the passengers.

" 7. On the pleadings and evidence in this case there can be no recovery, unless the train had come to a stop at the place

designed for passengers to alight, and while the plaintiff was, in the exercise of due care, in the act of alighting, the train was negligently started.

" 8. The evidence is not sufficient to warrant a finding that the train had, at the time the plaintiff attempted to step off, come to a stop at the place designed for passengers to alight."

The judge gave the first three and the fifth rulings only in the form requested; declined to give the eighth request in any form; and instructed the jury, among other things, as follows:

" The practical contention comes to this : Had the train come to a standstill, and did the plaintiff, in relying upon that fact and the announcement which had been given of South Framingham, attempt to alight, believing the station had been reached, and in the exercise of due care, was she injured by the sudden starting of the train?

" First, then, had the train come to a standstill? If it had not, then the plaintiff cannot recover. . ... It is for you to say as between the conflicting testimony whether you are satisfied by a fair preponderance of the evidence that the train had come to a standstill. If it had, then the next question for you to determine, in order that the plaintiff may recover, is whether the train was negligently started by the defendant without notice to her and without any information that would lead her to believe, or lead a reasonable, prudent, and careful person to believe, that the train was about suddenly to start. If you are satisfied of that, then, so far as the negligence of the defendant is concerned, if she, the train having come to a standstill, attempted to alight and was thrown by the sudden starting of that train, she being in the exercise of due care herself, then it is competent for you to consider whether that act of suddenly starting. the train was an act of negligence on the part of the defendant, which was the proximate cause of the injury to her. If she fell off, if she started to get off while that train was in motion, if, supposing that the train had stopped or was about stopping, she suddenly jumped off, then she cannot recover.

" Upon the question of the defendant's negligence, I will further instruct you that the plaintiff cannot recover unless the

train, at the time she attempted to step off, had come to a stop at a place designed for passengers to alight, unless there is evidence to satisfy you that the defendant negligently led the plaintiff to suppose that the train had reached and stopped at such a place.

" The act of the brakeman in calling the station and the actual stopping of the train are to be considered by you in connection with the care which it was necessary for her, the plaintiff, to use ·in the exercise of her senses to determine whether the defendant negligently led the plaintiff to suppose the train had reached the place for her to alight.

" If you are satisfied of those things, then there is one other fact which must be proved by the plaintiff, and that is that she was in the exercise of due care herself in stepping from the train at a proper place. . . .

" She was bound to use due care to ascertain whether the train reached the place designed for passengers to alight, and had no right to assume it, simply because the brakeman had announced the station, and the train had stopped.    I think I substantially covered that before.    She must use her senses. Simply because somebody said, ' South Framingham,' is not enough.    She must use her senses about it.

" If the plaintiff fails to satisfy you, either that the train had not come to a standstill, or that she alighted at the proper place or was in the exercise of due care, then the verdict must be for the defendant."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*F. P. Goulding & W. C. Mellish*, for the defendant.

*J. R. Thayer & A. P. Rugg*, for the plaintiff.

HAMMOND, J.    At the close of the evidence, the defendant requested the court to give certain rulings, eight in number. The court gave the first three and the fifth.    The fourth was rightly refused in the form presented.    There were other circumstances bearing upon the question whether the plaintiff supposed the train had reached the place for her to alight, and the court was not bound to rule upon the effect of the two facts named in the request considered as detached from all the others.

The instruction that " the act of the brakeman in calling the station and the actual stopping of the train are to be considered by you in connection with the care which it was necessary for her, the plaintiff, to use in the exercise of her senses to determine whether the defendant negligently led the plaintiff to suppose the train had reached the place for her to alight," sufficiently covered the subject matter of the request.

The subject matter of the sixth was fairly covered by the instruction that " She was bound to use due care to ascertain whether the train reached the place designed for passengers to alight, and had no right to assume it simply because the brakeman had announced the station, and the train had stopped. I think I substantially covered that before. She must use her senses. Simply because somebody said, ' South Framingham,' is not enough. She must use her senses about it."

The seventh was rightly refused. The declaration did not require the plaintiff to prove that the train actually had come to a stop at a place designed for passengers. It alleges that " at or near the station at South Framingham the defendant's employee called out in the car in which the plaintiff was seated, ' South Framingham,' and thereupon the said car stopped and came to a standstill, and that thereafter the plaintiff, relying upon the said announcement and believing therefrom and from the stopping of said car that the passenger station had been reached, attempted to alight from said car; that as she was on the point of stepping from said car the train suddenly started, and she was thrown with great force to the ground." It nowhere states where the train stopped, and proof of a stopping elsewhere than at the place designed for passengers to alight was no variance. The rest of the request was given, subject to the modification contained in the latter part of the third instruction, which was given. This was all the plaintiff was entitled to.

The refusal to give the eighth presents a question of more difficulty. The evidence produced by the defendant seems to have a very strong tendency to show that, at the time the plaintiff attempted to get off, the train had not come to a stop at the place designed for passengers to alight. On the other hand, the plaintiff testified that when she was stepping out she saw

the platform of the depot, and tried to step upon it, and that she " was stepping on the fourth step and just stepping on the platform."

It is argued for the defendant that in other parts of her testimony it appears that she did not know what she was going to step on when she left the car, and that in saying she saw the platform she was mistaken; and there is much in her testimony to support this contention. But the effect of the whole evidence was for the jury, and, there being a conflict, we cannot say, as matter of law, that they were not justified in coming to a conclusion the other way. *Exceptions overruled.*