EDWIN F. MOODY, administrator, *vs.* BOSTON AND MAINE RAILROAD.

Worcester.    October 3, 1905. — October 18, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Negligence. Railroad. Carrier,* Of passengers.

In an action of tort at common law by a woman passenger against a steam railroad company for personal injuries incurred in alighting from a train of the defendant upon a station platform of the defendant, an instruction to the jury that "if the defendant provides safe means of egress and a safe and convenient place to alight, that fulfils the duty imposed by law" is correct and raises no question as to the degree of care which the carrier owes to the passenger.

In an action of tort at common law by a woman passenger against a steam railroad company for personal injuries incurred in alighting from a train of the defendant upon a station platform of the defendant, owing to the alleged negligence of the conductor of the train in taking hold of the plaintiff's arm to assist her in alighting and then letting go of it at the wrong time, if it appears that the circumstances were such that the highest degree of care on the part of the defendant did not require the conductor to assist the plaintiff in alighting but that the conductor attempted to assist her because of a rule of the defendant, the defendant need show only reasonable care on the part of its conductor in doing something beyond its obligation as a carrier.

THE following statement of the case is taken from the opinion of the court:

This was an action at common law for suffering caused by an injury to the plaintiff's intestate on August 25, 1903, from which she died on April 17, 1904. The jury found for the defendant, and the case is here on two exceptions taken by the plaintiff to the charge to the jury.

The plaintiff's intestate, a married woman weighing about one hundred and eighty pounds, was a passenger on a train to Boston,

arriving between eleven and twelve, noon. She had with her in addition to one other child a boy aged two, who, owing to infirmity, had to be carried. She came on to the car platform to leave the car in which she had been, with this child of two on her right arm, holding him in place with her left hand, in which she had also a shopping bag.

Her story, as told by her declarations to the witnesses, is that as she stepped from the lowest step on to the platform of the station the conductor, who was standing there, put his right arm under her right elbow but let go of her and she fell heavily to the platform, and that he said it was his fault; that he ought not to have let go of her.

The conductor's story is that he asked her to allow him to take the baby, to which she said "No"; that he then put up his hands to assist her, when she fell, pitching him out of the way; and that she said she tripped.

After telling the jury that the duty of the defendant, as a carrier of passengers, to the plaintiff as a passenger "was to use the highest degree of care consistent with the undertaking, the running of its train, the motive power used and other things," the presiding judge went on to say that "Ordinarily, . . . if a railroad company for the purpose of permitting its passengers to depart from its train provides safe means of egress and a safe and convenient place upon which to alight, that accomplishes and fulfils the duty which the law imposes upon it. I say ordinarily. Of course the situation must be changed by what in fact appears or was reasonably expected by those having the management of the trains. That degree of care is governed, and is affected by what the defendant through its servants either knows or ought to know. If you are coming down from your place of residence to-day and getting off at Lincoln Square, being in your ordinary health, unincumbered, and being physically and mentally reasonably sound, and arriving at Lincoln Square, and that the steps of the car on which you are riding are safe, ample and adapted to permit you to step in safety and the distance is such between the lower step and the platform that you can easily accomplish it, you would be likely to say that was a fulfilling of the duty which the railroad company owes to you." It is stated in the bill of exceptions that "The

plaintiff duly excepted to so much of the charge as stated that if the defendant provides safe means of egress and a safe and convenient place to alight that fulfils the duty imposed by law."

The judge went on to say that while this is ordinarily so there may be mental infirmity, physical incapacity or peculiar conditions which ought to give notice to the carrier that there was danger in the passenger's alighting unless something else was done. In case there was nothing specially calling for extra attention, any neglect on the part of the conductor " would not be negligence on the part of the defendant so far as the obligation as a common carrier of passengers is concerned." But if "the situation was such that reasonably caring for the safe alighting of a passenger it was obligatory upon him as representing the defendant to aid her, then in aiding her the road is held to the highest degree of care." He then took up the following rule of the defendant railroad : " Rule No. 584. Conductors and brakemen will always step down onto the station platform, at stations where trains stop, and render proper assistance to passengers taking or alighting from the cars, and brakemen will not give the conductor the all right signal until they have again boarded the train, and looked through the cars to see that there are no more passengers to leave, and return to the station platform." Speaking of this rule the presiding judge said : " It further provides that he shall aid passengers to alight. It, as I recall it, makes no exception ; it leaves nothing to the judgment of the conductor as to the degree and extent of that assistance. But, if this conductor acting within the scope of his employment of the railroad, his employer, and under and by virtue of that rule starts to assist a passenger off not requiring assistance otherwise, as I have illustrated before, if he enters upon that employment or that particular part of the duty of his employment, under that rule, then he is held to the exercise, and the defendant corporation is held to the exercise of reasonable care in performing properly the duty which it assumes."

*E. H. Vaughan & H. B. Montague*, for the plaintiff.

*C. M. Thayer & A. H. Bullock*, for the defendant.

LORING, J. [After the foregoing statement of the case.] 1. As to the first exception : What the plaintiff complains of in his argument is not what he put forward as his objection to this

part of the charge.   What the plaintiff has argued is that the jury were told that in furnishing proper egress from the car on which a passenger is carried the carrier is not bound to use the highest degree of care, but ordinary care only.   The part of the charge objected to by the plaintiff was "that if the defendant provides safe means of egress and a safe and convenient place to alight, that fulfils the duty imposed by law."   If the means of egress are in fact safe, no question of the degree of care arises.

2.  The second exception, as we construe the bill of exceptions, is to this : After telling the jury that the defendant was bound to assist a passenger in alighting if his appearance was such as to *indicate to a servant* exercising the highest degree of care that she needed assistance, and if assistance was required, that it had to be rendered with the highest degree of care, the presiding judge told them that in a case where they found under the preceding instruction that the plaintiff did not need assistance, and where in spite of that the conductor in fact undertook to assist her in compliance with a rule of the defendant, the defendant was liable for reasonable care only.

We are of opinion that the plaintiff has no ground of complaint.   In a case where, although the highest degree of care does not require that a passenger should receive assistance, the conductor attempts to assist her because of a rule of the defendant, he is doing something which neither the law relating to carriers nor the contract between the passenger and the carrier requires him to do.   If the conductor exercises reasonable care under those circumstances, the plaintiff cannot complain.

*Exceptions overruled.*