NASHVILLE, C. & ST. L. RY. Co. *v.* JAMES NEWSOME *et ux.*

(*Knoxville.*    September   Term,   1918.)

**1. CARRIERS. Passengers. Assisting passenger to alight.**

Where passenger is old or infirm, or place of alighting from train is dangerous, or there are other circumstances indicating need of assistance, carrier is bound to exercise highest degree of care in assisting passenger to alight; but where place ·is safe, and there is nothing to indicate help is needed, carrier need not render assistance. (*Post, pp.* 10, 11.)

Case cited and approved: Southern Ry. Co. v. Mitchell, 98 Tenn., 27.

**2. CARRIERS. Passengers. Voluntary assistance to passengers in alighting.**

Carrier's employees, who volunteer assistance to passenger in boarding or alighting, although assistance is unnecessary, are bound to exercise reasonable care in so doing, but are not held to highest degree of care. (*Post, pp.* 11, 12.)

Cases cited and approved: Moody v. Boston, etc., R. Co., 189 Mass., 277; Hanlon v. Central R. Co. of N. J., 187 N. Y., 73; St. Louis, I. M. & S. Ry. Co. v. Green, 85 Ark., 117; Walker v. ·Quincy,· etc., R. Co., 178 S. W., 108.

**3. TRIAL. Instructions. Assumption as to facts.**

In passenger's action for injuries sustained in alighting from train, an instruction on duty of assistance, which assumed the fact in issue that place where passenger alighted was dangerous, was erroneous. (*Post, pp.* 12-14.)

Cases cited and approved: Nashville, etc., R. Co. v. Elliott, 41 Tenn., 611; Illinois Central R. Co. v. Kuhn, 107 Tenn., 106.

FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County. —NATHAN L. BACHMAN, Judge.

BROWN SPURLOCK & BROWN, for appellant.

TATUM, THACH & LYNCH, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by Newsome and wife to recover damages for injuries alleged to have been sustained by Mrs. Newsome in alighting from one of the trains of plaintiff in error, on which she was a passenger, at the town of Jasper.

The particular train was of unusual length and when it stopped at this station the rear coach, in which Mrs. Newsome was riding, did not reach the station platform. In getting off this car Mrs. Newsome was assisted by a flagman, and she avers that by reason of the dangerous character of the place at which she was invited to alight, and the negligence of the flagman who helped her down, her arm and shoulder were wrenched, and that she has suffered much pain in consequence. There was a verdict and judgment in her favor below. This judgment was reversed by the court of civil appeals, on account of a certain instruction given to the jury by the trial judge, which the court of civil appeals held erroneous.

The railway company denied that the place at which Mrs. Newsome alighted was in any sense a dangerous

place. While it was conceded that she did not get off at the platform, the employees of the railway *company* testified that the place where she did get down was a level and well-beaten path in easy distance of the car steps. Mrs. Newsome testified that the place was sloping and rocky, and that the flagman who aided her roughly grasped her arm. The flagman denied that he was rough or failed to exercise all proper care in aiding her.

The trial judge submitted to the jury the issue as to the character of the place at which the plaintiff below alighted.

When he came to charge on the question of the assistance rendered to this lady by the flagman, his honor used the language for which the court of civil appeals directed a new trial:

"If the greater weight of the proof, gentlemen of the jury, further shows you that an agent of the defendant company, the flagman, undertook to assist this plaintiff when she was a passenger to alight there at Jasper, then the law requires of him that he shall exercise the highest degree of care in undertaking to assist her in alighting; and if you believe he was negligent in undertaking to assist her from the car, or in the manner in which he assisted her in getting from the car, and that brought about the injury to her, that is his negligence, his failure to exercise the highest degree of care in the way he assisted her, then she would be entitled to recover at your hands."

Whether or not a carrier is under obligation to render personal assistance to a passenger in boarding or leaving its vehicles depends on the circumstances of each

case. If the place is dangerous, or if the passenger is aged or infirm, or if the circumstances are such as to indicate that the passenger requires help, it may become the duty of the carrier to render such assistance. If, on the contrary, passengers are invited to board or alight at a safe and proper place, and there is nothing to indicate that they require assistance, it is not the duty of the carrier to render them aid in boarding or alighting. *Southern Ry. Co.* v. *Mitchell,* 98 Tenn., 27, 40 S. W., 72; 10 C. J., 932.

If the employees of the carrier volunteer assistance to the passenger in boarding or alighting, although such assistance may not be necessary or required, such employees are bound to exercise reasonable care in such undertaking. The employees, however, are not required, under such circumstances, to exercise the highest degree of care.

The Supreme Judicial Court of Massachusetts has held, where a passenger does not need assistance in alighting from a train, but the conductor undertakes to assist him, in compliance with a rule of the company requiring conductors to render assistance to passengers boarding or alighting from trains, that the company is liable only for the failure of the conductor to exercise reasonable care under the circumstances. *Moody* v. *Boston, etc., R. Co.,* 189 Mass., 277, 75 N. E., 631.

A like rule has been announced in *Hanlon* v. *Central R. Co., of N. J.,* 197 N. Y., 73, 79 N. E., 846, 10 L. R. A. (N. S.), 411, 116 Am. St. Rep., 591, 10 Ann. Cas., 366; *St. Louis, I. M. & S. Ry. Co.* v. *Green,* 85 Ark., 117, 107 S. W., 168, 14 L. R. A. (N. S.), 1148.

This court has approved a charge containing the same thought in the case of *Southern R. Co.* v. *Mitchell, supra,* although this particular question was not in issue in that case.

It has been held, however, that in cases where the surroundings were such as to render assistance necessary the same high degree of care was required as must be exercised toward passengers during actual transportation. 10 C. J. 932, citing *Walker* v. *Quincy, etc., R. Co.* (Mo.), 178 S. W., 108.

In the case before us, if the place where she alighted was dangerous and of such a character as to require that the servants of the carrier assist this passenger in alighting, then, in our opinion, it was proper for the trial judge to instruct the jury that the carrier's servant was bound to the exercise of the highest degree of care in his efforts to help her.

If, on the other hand, the place was not dangerous, and the carrier was not under obligation to assist this passenger, only reasonable care was required of the carrier's servant in the exercise of the voluntary assistance offered.

Whether or not the place was dangerous was an issue in the case. The charge of the trial judge assumed that it was dangerous, and imposed upon the carrier that degree of care demanded in such a situation, and was for this reason erroneous.

We think the distinction noted rests on a sound basis. Where the place at which a passenger is invited to alight is dangerous, it is the carrier's duty to render assistance to the passenger, as an incident to safe transportation. All the authorities agree that as to passengers in course

of carriage, and boarding and alighting, the carrier must perform its duties with the highest degree of care. *Nashville, etc., R. Co.* v. *Elliot,* 1 Cold. (41 Tenn.), 611, 78 Am. Dec., 506; *Illinois Central R. Co.* v. *Kuhn,* 107 Tenn., 106, 64 S. W., 202; 10 C. J., 861, and cases cited.

Where the place is not dangerous, and no other reason appears for proffering aid, it is not the carrier's duty to assist the passenger in alighting. Although such assistance may be tendered, it is not one of the carrier's duties imposed by law, and therefore no more than ordinary care is required in its exercise.

The judgment of the court of civil appeals is affirmed, and the case remanded for a new trial.