DULCE FRIEND *vs.* BOSTON AND MAINE RAILROAD
(and a companion case [1]).

Essex.   October 7, 1948. — November 2, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & WILLIAMS, JJ.

*Negligence,* Railroad: passenger leaving car; Contributory.

A finding of negligence on the part of a railroad toward a woman passenger was warranted, and a ruling of contributory negligence on her part was not required, by evidence that, while the train on which she was a passenger was slowly approaching a terminal station at night, a con-

---

[1] The companion case is one brought by Horace W. Friend against the same defendant.

ductor called out the station in her car, opened a door of the car near her, and then stood on the platform of the car facing the door; that she, mistakenly thinking the train had stopped, went out the door, passed the conductor, and descended the steps without the conductor's doing or. saying anything to prevent or warn her; and that she was thrown down and injured as she stepped from the bottom step of the moving car onto a poorly lighted station platform.

TWO ACTIONS OF TORT.    Writs in the District Court of Eastern Essex dated November 16, 1944.

The actions were heard by *Morley*, J.

*P. Brownell*, for the defendant.

*I. I. Kline*, for the plaintiffs.

LUMMUS, J.    The plaintiff Dulce Friend brings an action for personal injuries, and her husband, the plaintiff Horace W. Friend, brings an action for consequential damages suffered by him because of the injuries to his wife.    The facts found by the judge were substantially as follows.    On November 21, 1943, the plaintiffs left Gloucester at about ten o'clock in the evening on a train of the defendant. They sat in the second seat from the rear of the third car from the front of the train.    As the train approached the North Station in Boston, shortly before eleven o'clock in the evening, a conductor came through the car from front to rear, called. out "Boston," opened the rear door of the car, and went out on the rear platform of the car.    The gates on the platform were open, and the conductor stood on the platform, facing the rear door of the car.    The station platform was poorly lighted because of government dim-out regulations in force at the time.    The woman plaintiff started to leave the car by its rear platform.    The conductor, whom she had to pass, said nothing to her and did nothing to prevent her from leaving the train.    When the woman plaintiff went down the platform steps, the train was going only three or four miles an hour, but had not stopped, although she thought it had.    As she stepped from the bottom step to the station platform, she was thrown down and hurt by the movement of the train.

The judge found for the plaintiff in each case.    The defendant claimed a report to the Appellate Division.    It argued (1) that there was no evidence of negligence on the

part of the defendant, and (2) that the plaintiff Dulce Friend was guilty of contributory negligence as matter of law. The Appellate Division dismissed the report, and the defendant appealed.

We think there was evidence of negligence on the part of the defendant. The conductor saw the woman plaintiff as she left the car, came upon the platform and descended the steps. It is unusual for a woman to get off a moving train, or to ride on the steps. The conductor had reason to believe that she thought the train had stopped, and that she was about to alight. Yet he gave her no warning, and did nothing to prevent her from getting off. It could have been found, as in *Johanson* v. *Boston & Maine Railroad*, 153 Mass. 57, 60, that "his attitude conveyed an assurance that it was safe" to get off, "and an invitation to do so." In *Nichols* v. *Lynn & Boston Railroad*, 168 Mass. 528, the act of the conductor in nodding to the plaintiff when a street car stopped was held an invitation to get out. In *Jacobs* v. *West End Street Railway*, 178 Mass. 116, 119, it was said that "it is the duty of a conductor who is on the rear platform when a passenger is alighting to see to it that the passenger has an opportunity to alight with safety." In *Floytrup* v. *Boston & Maine Railroad*, 163 Mass. 152, 155, where at a station there was a call of "Lynn, change for Boston," although in fact the train had stopped only to allow another train to deliver its passengers at the station, the court said that it was for the jury whether the fact that such a call had been publicly made did not impose upon the carrier a duty to give a counter warning that passengers were not yet to leave the train and whether it was negligence on the part of the carrier to suffer a passenger to alight under such circumstances.

The defendant contends that both plaintiffs (*Thibeault* v. *Poole*, 283 Mass. 480, 485 [1]) are barred from recovery because the plaintiff Dulce Friend was guilty of contributory negligence as matter of law. The defendant relies principally upon the case of *England* v. *Boston & Maine Railroad*,

---

[1] See now as to the husband, St. 1947, c. 386.

153 Mass. 490. The facts in that case were superficially much like those in the present case. But there is at least one important difference between the two cases. In that case it did not appear where the brakeman was, except that he was on the platform. It did not appear that he was facing the plaintiff when she got out.

In a number of cases where a plaintiff alighted from a train in the dark, reasonably thinking that it was stopped, he has been permitted to recover and has not been deemed guilty of contributory negligence. *Brooks* v. *Boston & Maine Railroad,* 135 Mass. 21. *Merritt* v. *New York, New Haven & Hartford Railroad,* 162 Mass. 326. *Floytrup* v. *Boston & Maine Railroad,* 163 Mass. 152. *Barry* v. *Boston & Albany Railroad,* 172 Mass. 109. *McNeil* v. *New York, New Haven & Hartford Railroad,* 282 Mass. 575.

In the present case, we think that the question of the woman plaintiff's contributory negligence was one of fact. The darkness, the slow rate at which the train was moving, the probable lack of perceptible motion, and the conduct of the conductor, all tended to lull her into the belief that the train had arrived at the station, and that the time had come when it was safe to alight.

What has been said disposes of the defendant's requests for rulings.

*Orders dismissing report affirmed.*