DAVID TREMBLAY *vs.* MAPES-REEVE CONSTRUCTION COMPANY.

Hampshire.    September 21, 1897. — October 20, 1897.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Master and Servant — Negligence — Law and Fact — Employers' Liability Act — Evidence.*

In an action for personal injuries occasioned to the plaintiff, while in the defendant's employ, by the falling of a stone arch when the plaintiff removed the props of the wooden centre on which it had been built, it appeared that he acted by the direction of the defendant's superintendent; that the arch had been built a little more than two days, and there was testimony that this was not a sufficient time for the mortar to harden; that the brick backing had not been put in, nor had the stone been fastened to the floor of the building; and that there was a door a little to one side, the arch over which had not been built, and according to the testimony of an expert the absence of this lateral support probably permitted the pier on which the arch in question stood to give a little when the prop was knocked out. *Held,* that it could not be said, as matter of law, that there was no evidence that the superintendent was negligent in ordering the centre to be removed. *Held, also,* that an expert could properly be asked whether the arch would have fallen, if the conditions above mentioned, the arch of the door, the brick behind the arch in question, and the dryness of the mortar, had been present, and as to the tendency of their absence.

TORT, for personal injuries occasioned to the plaintiff, while in the defendant's employ, by the falling of a stone arch. The declaration was under the employers' liability act, St. 1887, c. 270. At the trial in the Superior Court, before *Dewey,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts material to the points decided appear in the opinion.

*W. G. Bassett,* for the defendant.

*J. B. O'Donnell,* for the plaintiff.

HOLMES, J.    This is an action for personal injuries caused by the falling of an arch when the plaintiff removed the props of the wooden support or centre on which the arch had been built. The plaintiff acted by the direction of the defendant's superintendent, and the main question raised by the bill of exceptions is whether there was any evidence that the superintendent was

negligent in ordering the centre to be removed. The arch which fell was of stone, with a curved front. It had been built a little more than two days, and there was testimony that this was not sufficient time for the mortar to harden, especially as it had rained most of the time. The brick backing had not been put in, nor had the stone been anchored or fastened to the floor of the building. There was a door a little to one side, the arch over which had not been built, and according to the testimony of an expert the absence of this lateral support probably permitted the pier on which the arch in question stood to give a little when the prop was knocked out. The superintendent showed that he considered it a question whether the time had come to remove the centre by consulting with one or two other workmen about it. We cannot say that the jury were not at liberty to find that a prudent and competent man would have decided the question the other way. There was testimony which gave a different account of the cause of the trouble, but the jury have disposed of that.

Exception was taken to the allowing of an expert to be asked whether the arch would have fallen, if the conditions above referred to, the arch of the door, the brick behind the arch in question, dryness of the mortar, etc., had been present, and as to the tendency of their absence. We perceive no objection to the evidence. It concerned matters on which technical experience was instructive.                *Exceptions overruled.*