SAMUEL P. FRENCH *vs.* BOSTON COAL COMPANY.
SAME *vs.* ELISHA S. CONVERSE.

Middlesex.    March 8, 1907. — May 14, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Master and Servant.    Negligence.    Judgment,* Satisfaction of.

In an action against a coal company for negligence in leaving open and unguarded a coal hole in a sidewalk of a city street while two men alleged to be servants of the defendant were putting in coal from a team, it appeared that the team did not belong to the coal company but was hired by it from another concern, and that one of the men was in the employ of the coal company while the other man was a teamster in the employ of the concern from which the team was hired who assisted in unloading the coal. *Held,* that for the purposes of the case both men must be regarded as the servants of the coal company.

It is the duty of the owner of a building in a city, who retains control of the basement and heats it, employing the engineer and fireman who operate the heating apparatus, to see that a coal hole in the adjoining sidewalk when opened for the purpose of putting coal into the building is properly guarded and protected so that persons passing along the sidewalk in the exercise of due care will not be likely to fall into it, and in an action against such an owner for personal injuries

caused by falling into the coal hole when thus left open, it is no defence for the owner that the servants of the coal merchant from whom he ordered the coal also were negligent in leaving the hole open and unguarded.

If the servants of a coal company while or after unloading coal negligently leave open and unguarded a coal hole in the sidewalk of a city street, it is no defence for the coal company, in an action against it for personal injuries caused by falling into the hole thus left open, that the owner of the building maintaining the coal hole also was negligent in permitting it to remain open and failing to guard it.

It is not necessarily negligent to walk into an open coal hole in a sidewalk of a city street even if there is a coal team standing near and two men also are there who have been unloading coal from it, and, in an action for injuries thus caused against the person who negligently left the coal hole open and unguarded, it is for the jury to say how far the plaintiff properly could rely upon the fact that coal holes in sidewalks ordinarily are not left open without some notice or railing to warn and protect travellers, and to say how far the presence of the men and the team should have put the plaintiff on his guard, and generally whether he was exercising the degree of care which the circumstances called for.

In an action for personal injuries caused by falling into a coal hole in a sidewalk in a city street negligently left open and unguarded by the defendant, the cause of action is the defendant's negligence and it is immaterial whether or not the coal hole was a nuisance.

Where a person, who has been injured by falling into a coal hole in a sidewalk of a city street negligently left open and unguarded, brings two actions for his injuries, one against the coal company whose servants opened the coal hole and left it unguarded and the other against the owner of the building who maintained the coal hole and had ordered the coal which was being put in, and where in each of the actions the plaintiff rightfully obtains a verdict for the full amount of the damage caused by his injuries, there can be but one satisfaction of his claim. Whether either of the defendants is liable to the other is a different question which here was not considered.

MORTON, J.   These two actions are by the same plaintiff against two different defendants for the same injury.   There was a verdict for the plaintiff in each case, and the cases are here on exceptions by each defendant.   The two cases were tried and argued together, and we, therefore, consider them together.

The injury was caused by the plaintiff's falling into a coal hole connected with a building on the corner of Milk Street and Pearl Street in Boston belonging to the defendant Converse. The accident occurred at about six o'clock in the evening of October 6, 1898, as the plaintiff and a friend were walking along the sidewalk on Pearl Street.   The coal hole had a hinged iron cover with a chain attached to it which was intended to be fastened to a beam in the cellar so that the cover could not be opened beyond an angle of fifty degrees.

But there was evidence warranting a finding that at the time of the accident the chain had been unfastened from the beam and the cover laid back flat with no railing to prevent any one from falling into the hole. Portions of the building were let to tenants, but the defendant Converse retained control of the basement, and heated the building and employed the engineer and fireman who operated the heating apparatus. The coal hole was under his control and that of his servants and agents, and was used for putting coal into the basement for heating purposes. At the time of the accident the defendant coal company was putting in coal, or had just finished putting in coal, for the defendant Converse for heating purposes. The team did not belong to the coal company but was hired by it from another concern. There were two men with it, one being in the coal company's employ, and the other, the teamster, in the employ of the concern from which the team was hired. For the purposes of this case both men must be regarded, we think, as the servants of the coal company. These men were the only witnesses on behalf of the defendants who were present at the time of the accident, and there was a conflict of testimony between the plaintiff and them as to where they were and what they were doing when he fell into the coal hole. The testimony of the plaintiff tended to show that he "noticed the team, the back end of the team was towards me, two men were about it; the men were not unloading coal, they were in the street." The testimony of the men tended to show that they had unloaded the coal, and that one of them had gone back and got a broom and was sweeping the sidewalk, and that the other was guarding the hole and was about two feet from it, and that just before the plaintiff fell in, he said to him, "Look out." In this conflict of testimony it was for the jury to determine what the facts were and they could properly find that the plaintiff's account of the situation was the correct one.

It was the duty of the defendant Converse and his servants and agents to see that the coal hole when used for the purpose of putting in coal for heating purposes was properly guarded and protected so that persons passing along the sidewalk and in the exercise of due care would not be liable to fall into it. They were not relieved of this duty by the fact that the coal company

was also using it for the purpose of putting in the coal which had been ordered of them. *Poor* v. *Sears*, 154 Mass. 539. *Blessington* v. *Boston*, 153 Mass. 409. Similarly the coal company owed a like duty to those passing along the sidewalk and was not relieved of it by the obligation which rested upon the defendant Converse and his servants and agents. There was evidence warranting a finding that the servants of each defendant were negligent in the performance of this duty. The jury could have found that the servants of the defendant Converse knew or ought to have known that coal was being put in and that the cover was laid back and the hole was open, but that they took no precautions to warn or protect travellers from falling into it. They also could have found that, notwithstanding their testimony to the contrary, the men who were putting in the coal for the coal company took no precautions to guard against such an accident as happened to the plaintiff. The question of the plaintiff's due care was rightly left to the jury. It could not be ruled as matter of law that he was not in the exercise of due care. It was for the jury to say how far he could properly rely upon the fact that coal holes would not ordinarily be left open in the sidewalk without some notice or railing to warn and protect travellers, and how far the presence of the men and the team should have put him on his guard, and, generally, whether he was exercising that degree of care which the circumstances called for. The ruling that was asked for that he was not in the exercise of due care was, therefore, properly refused. We see no error in the manner in which the other instructions requested were dealt with, or in the charge to the jury. The case against the defendant Converse was not that the coal hole as constructed and maintained was a nuisance, but that he carelessly permitted it to remain open, and neglected to properly guard it. The case against the coal company was also for not properly guarding the coal hole, and was not dependent in any way on the question whether the coal hole was or was not a nuisance.

The exceptions in regard to the matters of evidence taken by the coal company have not been argued, and we, therefore, treat them as waived.

Although a verdict has been obtained by the plaintiff in each case there can of course be but one satisfaction of the injury

sustained. Whether either defendant will be liable over to the other need not be considered.

The result is that in both cases the exceptions must be overruled.

*So ordered.*

*T. W. Proctor*, for the defendant coal company.

*C. S. Knowles*, for the defendant Converse.

*F. L. Washburn*, for the plaintiff, submitted a brief.