MARY GILLIS *vs.* CAMBRIDGE GAS LIGHT COMPANY.
COLIN F. GILLIS *vs.* SAME.

Middlesex.    November 9, 1910. — January 3, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, & SHELDON, JJ.

*Negligence,* In use of coal hole.    *Coal hole.*    *Agency,* Scope of employment.

In the absence of any custom or understanding in regard to the matter, there is no rule of law which requires a coal dealer, when by his servant he has been delivering coal or coke through a coal hole in a public sidewalk on the premises of a customer, to see that the cover of the coal hole is replaced, when the customer himself as the owner or the occupant of the premises has undertaken in person or by his servant to attend to the removal and the replacement of the cover.

If the driver of a team of a coal dealer, who has been instructed by his employer not to remove or replace or touch any covers of coal holes and not to attempt to sweep or clean any rims of coal holes into which covers fit, while engaged in delivering coal or coke through a coal hole in a public sidewalk on the premises of a customer of his employer, who as the owner or occupant of the premises has undertaken in person or by his servant to attend to the removal and the replacement of the cover, joins with the servant of the owner or occupant in undertaking to replace and secure the cover of the coal hole and does this negligently, causing injury to a person travelling on the highway in the exercise of due care, it here *was intimated,* that the coal dealer perhaps might be held liable for the consequences of his servant's negligence.

MORTON, J.    These cases were here on the plaintiffs' exceptions to a ruling directing verdicts for the defendant, and are reported in 202 Mass. 222. The exceptions were sustained and the case was sent back for a new trial. At that trial * the jury found for the defendant, and the case is now here on exceptions by the plaintiffs to the refusal of the presiding judge to give certain rulings that were requested by them and to the instruc-

---

* Before *White,* J.

tions that were given in relation to the matter to which the rulings that were requested related.

The female plaintiff, whom we shall speak of as the plaintiff, in passing along Temple Place, a public street in Boston, slipped upon the cover of a coal hole, which gave way and precipitated her into the coal hole, causing the injuries complained of. Some four or five hours before the accident, the defendant, pursuant to an order from the owner and occupant of the premises to which the coal hole belonged, had delivered a load of coke which had been put in through the coal hole into which the plaintiff fell. There was only one person, the driver, with the team that delivered the coke, and the uncontradicted evidence shows that he did not remove or replace or touch the cover, or attempt to sweep or clean the rim or rabbet of the hole into which the cover fitted, and that he was instructed by his employer not to do any of those things. It appeared that the cover was removed by one McElman, an engineer in the employ of the owner and occupant of the premises, to whom the coke was delivered, and was replaced and fastened by him after sweeping out the rabbet, and that in doing this he acted under and pursuant to the instructions given him by the owner and occupant of the premises. It also appeared that McElman stood by the coal hole while the coke was being put in. The plaintiff contends that notwithstanding the instructions that were given to the driver it was the duty of the defendant and its servants to see that the rabbet into which the cover fitted was cleaned out and that the cover was properly replaced and securely fastened after the coke was delivered; and that was in substance what she requested the presiding judge to instruct the jury. The presiding judge refused so to rule and instructed the jury in substance that if the driver was instructed by the defendant not to take off the cover, or replace it, or clean out the rabbet, and did not do or attempt to do any of those things, but the servant of the owner of the premises did them under and pursuant to the owner's instructions, then the defendant would not be liable. We think that the instructions thus given were correct. The coal hole was not on the defendant's premises, and under the circumstances of the case it owed no duty to the plaintiff in respect thereto. If contrary to his instructions the driver had undertaken to remove

the cover and replace it and had done so in a careless manner and the plaintiff had been injured in consequence thereof, the defendant would perhaps have been liable for the driver's negligence. But, in the absence of any custom or understanding in regard to the matter, there is no rule of law which requires a coal dealer to see that the coal cover on a customer's premises is replaced when the customer himself as owner or occupant of the premises undertakes in person or by his servant, in the exercise of his rights as such owner or occupant, to attend to the removal and replacement of the cover. Under such circumstances it is the owner's duty and not the coal dealer's to see that the cover is properly replaced and secured. The case would or might have stood differently if the driver had joined with the servant of the owner or occupant in replacing and securing the cover, or if the accident had happened while the coke was being delivered. *French* v. *Boston Coal Co.* 195 Mass. 334. *Wakefield* v. *Boston Coal Co.* 197 Mass. 527.

*Exceptions overruled.*

*G. H. Mellen,* (*J. B. Vallely* with him,) for the plaintiffs.
*H. C. Sawyer,* for the defendant, was not called upon.