# CHARLESTON.

KELLEY-SPRINGFIELD ROAD ROLLER CO *v.* COFFMAN.

Submitted September 9, 1910.   Decided October 31, 1911.

1.  SALES—*Breach of Warranty—Evidence.*

    On an issue arising upon a claim of recoupment for breach of an express warranty in a contract of sale of a piece of machinery which had been in use in the kind of work for which it was designed and constructed, at the time of the purchase thereof, testimony tending to show its efficiency while so used is admissible.   (p. 637).

2.  EVIDENCE—*Opinion Evidence—Capacity of Engine.*

    Opinions of expert witnesses as to the capacity of an engine are admissible on the trial of an issue as to whether the article fulfills a warranty of capacity in the contract of purchase. (p. 637).

3   SALES—*Breach of Guaranty—Evidence.*

    On an issue as to whether a steam boiler complied with a guaranty of material and workmanship in a contract of sale, the testimony of witnesses concerning the method of getting out and testing materials for such boilers, employed in the manfacturing plant in which the machine in question was made, at a date a few years subsequent to that of the manufacture of the machine in question, is admissible.   (p. 638).

4.  SAME—*Breach of Warranty—Evidence.*

    On a trial involving such issues as are stated above, arising out of a contract of sale of a second hand machine, testimony showing the difference between the price paid for the machine and the price of a new one of its class· is admissible, as one of the circumstances under which the contract was made.   (p. 638).

5.  SAME.

    Upon the trial of such issues it is also competent to show that the purchaser, after acceptance of the machine, hired it out, representing it to be first class in all respects and received for its use compensation in an amount indicating conviction of its fitness for the use contemplated in the purchase thereof.   (p. 638).

6.  SAME—*Breach of Warranty—Burden of Proof.*

    Upon the trial of an issue, arising on a claim for recoupment for a breach of warranty in the sale of property, the purchaser

carries the burden of proof, under the general rule requiring the party alleging a fact to prove it. (p. 639).

7. SAME—*Breach of Warranty—Notice of Defect—Presumptions.*
  Upon the trial of such an issue, the court may properly instruct the jury that, if they find the purchaser accepted and used the article in question and gave no notice of any defect therein, there is a presumption against the validity of his claim, unless they further find a satisfactory excuse for failure to give such notice. (p. 639).

Error to Circuit Court, Mercer County.

Action by Kelly-Springfield Road Roller Company against W. H. Coffman. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Ritz & Ritz,* for plaintiff in error.

*D. E. French,* for defendants in error.

POFFENBARGER, JUDGE:

Upon an alleged breach of warranty, the plaintiff in error endeavored to scale down by recoupment the claim asserted against him in an action by motion in the circuit court; but the jury found against him and he attributes the result to rulings of the court, admitting evidence, and giving instructions, which he insists were erroneous.

The demand was for a balance due on the contract price of a second hand steam road roller, guaranteed "to be made of the best material and workmanship throughout and to do first class work, if properly operated and to be durable with proper care." Breach of this warranty was charged as matter of defense, with an averment of damage equal to the unpaid portion of the contract price, $1,287.74. Defectiveness of the engine, part and parcel of the roller, considered in its entirety, constitutes the alleged breach. The notice says it was not of sufficient capacity to propel the roller so as to make it do first class work and that the boiler was not of good material, but was of inferior material and workmanship.

Six of the assignments of error are based upon the admission of evidence over the objection of the defendant. As has been stated, the roller was a second hand one. At the date of

the purchase thereof, it was in use by the United States Government at Huntington, a fact known to the purchaser. As tending to prove its fitness for the use for which it was constructed and sold, the court permitted two witnesses to testify that no complaint or charge of defectiveness was made by the government engineers who had so used it. This evidence, it is said, falls within the rule *res inter alios acta*, but it is not wholly foreign to the subject matter of the contract. It relates to the machine and its condition and capacity at the time of the purchase thereof. We are unable to agree that it does not afford a reasonable presumption or inference as to the matter in dispute. It tends to show good condition of the machine when received by the defendant, as he got it just after the time it is thus shown to have been in good condition, and even at the time of purchase, for he bought it while in use by the government. The vital question in the case was the condition and capacity of the roller and this evidence bears directly upon it. That other persons were interested in that subject at the time to which the evidence relates does not preclude the interest of the defendant in the same question at the time of the making of the contract. The condition of the machine at that time and immediately before was its condition at the time of the purchase. This is not an instance of wholly foreign and disconnected evidence.

The admission of the opinions of two witnesses as to the capacity of the engine is a subject of further complaint. One of these was the president of the plaintiff company, a man of large experience in the manufacture of road rollers and thoroughly informed as to the character of the one in question. The other was a practical machinist and engineer of twenty-five or thirty years experience in his vocation. He had run the engine in question, to test its capacity and fitness for use. Both of these witnesses, therefore, were experts and testified concerning a matter about which the opinion of an ordinary juryman is obviously not as likely to be correct as that of an expert, though based upon full and complete facts material to the question. Under such circumstances opinion evidence is admissible. *Delmar Oil Co.* v. *Bartlett*, 62 W. Va. 700; *Slack* v. *Harris*, 200 Ill. 96; *Montgomery* v. *Gilmer et al*, 33 Ala. 116; *Brownfield*

v. *Railway Co.*, 107 Ia. 254; *Tremblay* v. *Construction Co.*, 169 Mass. 284; *Davidson* v. *Railway Co.*, 34 Minn, 51; *Read* v. *Barker*, 30 N. J. L. 378.

Testimony of a witness respecting the method of manufacture of the steam rollers by the plaintiff company was objected to and its admission is assigned as error. This objection is based largely upon the relation in time between the manufacture of the machine and the witness's observation of the method described, the latter being some six or seven years subsequent, and the witness having had no connection with the company when the machine was made. He says it was made either by the •O. S. Kelly Co., whose plant the Kelly-Springfield Co. bought out, six or seven years prior to the date of his testimony, or by said last mentioned company, the latter he thinks. This testimony related particularly to the method of getting out and testing the materials for boilers. As the plaintiff either made this boiler or owned the plant in which it had been made, the testimony related to the method of manufacture by which presumptively the machine in question was produced. The difference in the dates was not unreasonably long. It is hardly probable a large manufacturing plant would greatly change its methods within that time. Presumptively its methods at the date of this testimony were substantially the same as those of previous years within a reasonable limit. It was proper, therefore, to let the testimony go to the jury for what it was worth in their opinion.

The same witness was permitted to testify over objection that the cost of a new roller of the class of the one sold at the price of $1,800.00, including a harrow, would be not less than $2,900.00. This was a circumstance in view of which the contract was made, tending to show the defendant did not expect to get, nor the seller to furnish, a machine as good as a new one. In controversies involving the interpretation of a contract and its application to the subject matter, the situation and purposes of the parties and the surrounding circumstances are nearly always admissible as evidence. Hence the court did not err in the admission of this testimony.

After the delivery of the machine, the defendant himself used and tested it in his own work and then hired it out to a con-

struction company for use in the building of about two miles of macadam road, in consideration of $500.00. A witness testified to this fact, the use of the machine in that work and the particulars in which it appeared to be defective, the explanation and cause of its bad work, namely, inefficiency of the engineer in charge of it, the representation of the defendant that it was a first class piece of machinery and a fine roller, and the payment of $500.00 for its use. We do not regard the evidence of the payment as wholly foreign, irrelevant or immaterial. It is a circumstance bearing upon the opinion of the parties to that contract as to the real character of the machine. Moreover, it is in the nature of an admission on the part of the defendant that the machine was such as it had been guaranteed to be.

Two instructions, relating to the burden of proof on the issue made, and putting it upon the defendant, were objected to. The court did not err in giving these instructions. The defense was an affirmative one. It admitted the contract and argeed to pay the amount of money claimed, but charged a breach of the plaintiff's agreement, as the basis of a claim for deduction. Therefore, the agreement or contract upon which the plaintiff based its action was not really in issue. The real issue was whether the defendant should have an abatement from the purchase price, and, to obtain this, he was bound to prove the fact alleged by him as the basis thereof. This conclusion accords with the general rule, putting the burden of proof as to any fact upon the party alleging it. *Underwood* v. *Wolf*, 131 Ill. 425; *Manufacturing Co.* v. *Wood*, 84 Mich. 452; *Coal Co.* v. *Bradley*, 26 Am. St. Rep. 890.

Another instruction, telling the jury a presumption against foundation for the defendant's complaint arose from his delay in making it until after the action had been brought and his failure to give notice of it, is a ground of further complaint. The views expressed in *Harman-Crockett* v. *Maddy Bros.*, 57 W. Va. 66,, do not sustain the objection to this instruction. The instruction disapproved in that case was susceptible of two constructions, one of which made the fact, stated in it, a presumption of law and conclusive. In discussing it, we said: "As the instruction is susceptible of two meanings, and the jury

might, and probably did, give it a wrong interpretation, it is such an instruction as is calculated to mislead and confuse them." Although we added that it might be regarded as one upon the weight of evidence, and bad for that reason, it was really condemned upon the other ground. The instruction complained of here contains no language importing conclusiveness of the presumption. It is susceptible of but one construction, namely that as matter of fact, not law, a presumption against the good faith of the objection to the machine arose from the long delay in making it. Moreover, it has a qualification not found in the instruction disapproved in the case relied upon, namely, belief of the jury that no satisfactory excuse for delay had been given by the defendant. So limited, the instruction merely called upon the jury to say whether the conduct of the defendant was consistent with good faith. Though his conduct did not bar his claim for damages, as it would have barred re-. scission, had he attempted to rescind, it was a circumstance entitled to such weight as the jury saw fit to give it. The instruction said only that the fact, if proven and not excused, raised a presumption, but did not say how much wieght it should have. This is allowable. Brickwood Sack. Ins., sec. 195. The presumption stated accords with the following legal principle and consideration underlying it: "Of course, there is danger of fraud and false claims, even where there is an express warranty, when notice is not early given of the defect. It leads the buyer into temptation. Hence, juries should listen to such claims (never presented when their falsity could have been ascertained) with great caution. The proof thereof should be more clear than if the buyer had acted with the frankness of an honest man, willing to allow his claims to be tested. This is so declared by courts, while the rule is maintained as to an express warranty as above stated." *Day* v. *Pool,* 52 N. Y. 416, 421; See also *Coal Co.* v. *Bradley,* 26 Am. St. Rep. 890. Instructions, fairly submitting presumptions, are of frequent occurrence in our practice in both civil and criminal cases.

Though two installments for purchase money of $600.00 each and the interest thereon were due at the date of the trial, the jury rendered a verdict for only one of them, accompanied by this recital: "There was the sum of $600.00 not due from the

defendant to the plaintiff of the purchase price of the roller referred to in the evidence." Rendition of judgment for the amount of the verdict is assigned as error in the petition for the writ of error, but it is not noticed in the brief. The verdict is certain as to the amount for which judgment was rendered. In a verdict and judgment for less than the amount due from defendant, there is no error of which he can complain. If the verdict in any way affected the rights of the parties as to the other installment, a matter as to which we now express no opinion, it was not prejudicial to him.

Finding no error in the judgment, we affirm it.

*Affirmed.*