REBECCA L. MAGAY *vs.* CLAFLIN SUMNER COAL COMPANY.

SAME *vs.* L. K. LIGGETT COMPANY.

Worcester.　September 29, 1926. — October 14, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Way*, Public: coal hole. *Negligence*, In use of highway, Contributory, Of person owning or controlling real estate. *Evidence*, Competency.

A woman, who was walking on a sidewalk near the corner of busy streets in a city where there were many people, and whose attention was on a crossing which she was about to use, fell into a coal hole which, except when coal was being delivered to the adjacent building, was covered by doors and on the occasion in question had been opened by a corporation whose employees were present for the delivery of coal to one holding a lease of the whole building and occupying the first floor and the basement. The woman brought actions of tort against the corporation and against the lessee of the building which were heard together by a judge without a jury, who found for the plaintiff in both actions. *Held*, that

(1) A finding that negligence of the plaintiff did not contribute to the injury was warranted;

(2) It was the duty of the coal company, while using the coal hole to deliver coal to its customer, to use proper means for the protection of travellers on the sidewalk; and a finding of a failure to perform that duty was warranted;

(3) It was the duty of the lessee, who was the occupant of the first floor and basement of the building, to see that the opening was properly guarded and protected so that persons passing on the sidewalk would not be injured; and he could not be excused from that duty because the coal company was using the building's appliances to deliver coal to him;

(4) Findings, that the lessee knew or ought to have known that the covers were up and that the hole was open and that no precautions were taken for preventing travellers from falling into it, were warranted;

(5) Testimony by an employee of the coal company, who, during six years that he had worked for the company, had delivered coal to the customer "on and off," that at the first delivery a janitor had told him "where the coal went . . . . After that, when we got orders to deliver coal, we always went and opened the bin and saw if the bin was ready," was admissible.

TWO ACTIONS OF TORT for personal injuries suffered when the plaintiff fell through an open coal hole. Writs dated January 24, 1925.

In the Superior Court, the actions were heard together

by *McLaughlin*, J., without a jury. Material evidence is stated in the opinion. At the close of the evidence, each defendant in writing moved that the judge "find for the defendant as a matter of law." The motions were denied. The judge found for the plaintiff in each action in the sum of $12,500. The defendants alleged exceptions.

*C. C. Milton*, (*S. B. Milton* with him,) for the defendants.

*J. C. McDonald*, for the plaintiff.

CARROLL, J. These two actions for personal injuries were tried together. The injury was received by the plaintiff while walking on the easterly side of Main Street near the corner of Front Street, Worcester, in a southerly direction, on November 3, 1924, by reason of her falling into an opening in the sidewalk, beneath which was a basement occupied by the L. K. Liggett Company. The Claflin-Sumner Coal Company (hereinafter called the Coal Company) was at the time using the opening for the purpose of delivering coal to the L. K. Liggett Company, which was a lessee of the entire building at Main and Front streets and occupied the entire first floor and basement. Covering the opening or coal hole were trap doors of light casting, opening vertically in two parts. The opening was fifty-three and five eighths inches long and forty and one half inches wide, the longer side being parallel to the street line. The side opening nearest the building was approximately three and one fourth inches from the westerly wall of the building. The two parts of the door were each twenty-six and three fourths inches in height when opened. There was no fastening to hold the doors when open. On the day of the accident an employee of the Coal Company had gone to the basement and raised the doors preparatory to delivering the coal. Other employees of the Coal Company were present, standing near the coal truck at the curb.

The plaintiff testified that on the afternoon in question she was going to her work, proceeding toward Front Street, intending to cross Harrington crossing to go to the other side of Main Street, looking "at the people going back and forth"; that her foot struck against something on the sidewalk and she tripped, falling through the opening into the

basement. There was evidence that the plaintiff walked against the northerly door, the door thereby closing; that the day was clear and bright; "that it seemed quite crowded there because they were just coming out of school"; that the corner of Main and Front streets is the busiest corner in Worcester.

The case was heard by a judge without a jury. He found for the plaintiff and denied the defendant's motion that the court find for the defendant. There was evidence of the plaintiff's care. She was walking along the sidewalk of a public highway where there were many people, and her attention was directed to the crossing she was about to use. She could assume that the opening would be suitably protected, and while she might have avoided the injury if she had seen the open door in front of her, her care was a question of fact, taking all the circumstances into account. *Wakefield* v. *Boston Coal Co.* 197 Mass. 527. *Gillis* v. *Cambridge Gas Light Co.* 202 Mass. 222.

The negligence of the Coal Company was a question of fact. It was the duty of that defendant, while using the coal hole as a means of delivering coal to the L. K. Liggett Company, to use proper means for the protection of travellers on the sidewalk. This was a question of fact for the judge. He might have found that the opening could have been protected by a railing or otherwise, so that pedestrians would not be injured; that with proper precautions, the plaintiff would not have fallen into the hole. *French* v. *Boston Coal Co.* 195 Mass. 334. *Wakefield* v. *Boston Coal Co., supra. Muse* v. *DeVito,* 243 Mass. 384.

The L. K. Liggett Company occupied the entire basement and was a lessee of the building. The coal was being delivered by means of its coal hole and the sidewalk was used for the purpose. It was its duty in these circumstances, to see that the opening was properly guarded and protected, so that persons passing on the sidewalk would not be injured. The L. K. Liggett Company was not excused from its duty because the Coal Company was using the L. K. Liggett Company's appliance for the purpose of delivering coal. It could have been found that the L. K. Liggett Company knew

or ought to have known that the covers were up and the hole was open, and that no precautions were taken for preventing travellers from falling into it. *French* v. *Boston Coal Co.*, *supra*. The opening with its covers, and the appliance, were the property of the L. K. Liggett Company and within its control. It knew that the doors would have to be opened in order to have the coal delivered. It knew, or should have known, of their construction, and it should have known of the absence of precautions to protect pedestrians on the sidewalk. In the *French* case, *supra*, the doors were flat on the sidewalk, with no railing, when the plaintiff was injured. But that fact does not distinguish that case from the one at bar. The judge could have found that the L. K. Liggett Company was negligent. The plaintiff does not contend that a nuisance was created. Her contention is that the defendants were negligent. There was evidence to support this contention. *McGinley* v. *Edison Electric Illuminating Co. of Boston*, 248 Mass. 583.

Charles A. Powers, an employee of the Coal Company in charge of the truck delivering the coal, testified that he opened the door; that after opening it he went to the basement; that "he had always opened the trap door like that"; and that during the six years he had worked for the Coal Company he delivered coal to the L. K. Liggett Company, "on and off." Subject to the defendant's exceptions he was allowed to state that the first time he was there to deliver coal, a janitor told him "where the coal went. After that we went through the same. . . . After that when we got orders to deliver coal we always went and opened the bin and saw if the bin was ready." There was no error in admitting this evidence. The right of the Coal Company to open the doors of the coal hole was one of the issues involved. The evidence tended to show the course of business pursued; that the employees of the Coal Company in opening the doors were acting in accordance with the instructions of the L. K. Liggett Company and with its consent. *Floytrup* v. *Boston & Maine Railroad*, 163 Mass. 152.

We find no error in the conduct of the trial.

*Exceptions overruled.*