The Hodson Estate, is the owner of an office building in the business section of the City of Waterbury. On Center street, a highly traveled way, is a trap door which, when closed, is approximately flush with the sidewalk. This trap door gives access to the basement of the building. The door is in two sections, each of which opens upward on hinges, and each section weighs 30 to 35 pounds. There was no guard or warning in connection with the door. An ordinance of the City of Waterbury provides that — "No person shall leave open any trap door or coal hole in any sidewalk in said City unless the same be properly guarded". (Ordinances, Sections 33 and 35, page 296.)
The building uses oil as fuel for heat. About a month prior to the date in question the defendant executors employed the defendants McElligott, doing business as the McElligott Coal Co., to supply fuel oil to the building as needed. The McElligotts were authorized to make inspection for the purpose of keeping the oil tanks filled. The foreman, or superintendent, for the McElligotts supplied one of their employees, named Irvin, with a book in which was listed the customers' premises which were to be visited by Irvin for the purpose of his inspection of the oil tanks to determine the amount of oil on hand. When he found that oil was needed, he notified *Page 197 
the McElligotts, who supplied more. About a month prior to the occurrence, the McElligotts' foreman included the building of the Hodson Estate in this book, instructed Irvin to make regular inspection of the oil tanks therein, and showed Irvin the trap door in question, with the instruction to him that he was to enter and leave the building by that means. The trap door was supplied by the landlord for the use of the McElligotts as fuel contractors. Occasionally the landlords telephoned the McElligotts for fuel independent of the inspections by the McElligotts' representative.
On October 29, 1934, about 2:30 P. M., the day being clear and the sidewalk being dry, the plaintiff Campus, walking along the sidewalk on Center Street, toward Bank Street, approached the trap door in question. When he was immediately adjacent to the door, the section nearest to Bank Street was lifted from below, by Irvin, the agent of the McElligotts, who had been making an inspection of the oil tanks in the cellar pursuant to the instructions of his employers.
The plaintiff stepped into the opening thus made, the door was allowed to fall upon him, and, as a consequence, he suffered a comminuted fracture of the left leg, just below the knee, both bones being broken and the fracture of the fibula running into the joint. He was in a cast five and one-half weeks and was in the hospital from October 29 to December 14, 1934. He suffered severe and continuous pain, a consequent phlebitis and a 20 per cent permanent incapacity, with loss of work to April 7, 1935.
There is no question that the plaintiff was free of contributory negligence, that the McElligotts were negligent in the act of their agent in opening the door without warning; and that the Hodson Estate executors were negligent in maintaining an unprotected trap door on the sidewalk which was not "properly guarded".
The plaintiff's special damages consist of $1084.35. To this may be added the sum of $2000. as general damages. In fixing this sum, which includes partial permanent disability, due consideration is given to a shoulder injury previously suffered by the plaintiff.
The important question of law here involved, upon which no authority in this State is submitted, is as to whether the *Page 198 
defendants are jointly liable. The plaintiff and the defendants McElligotts argue that the defendant executors of the landlord estate are jointly liable with the McElligotts and submit that a judgment in favor of the plaintiff should be jointly against the defendants. The defendant executors of the Hodson Estate argue the applicability of the general rule that an independent contractor is alone liable for his own negligence and that the employer is not liable. This rule is not applicable to a situation which is of a hazardous or inherently dangerous character. The opening in the sidewalk, so far as it affects pedestrians upon the walk, is of that character, with a consequent duty upon the owners of the building to see that proper precautionary measures were taken to guard such opening. "The defendants are jointly and severally responsible, because they together caused the injury, and, as between them and the plaintiff, the law will not apportion the liability." (11 A.L.R. 560 with note; Magay vs.Claflin Sumner Coal Co. 274 Mass. 244, 153 N.E. 534, Reportedin 53 A.L.R. 928, with note; French vs. Boston CoalCo. 195 Mass. 334, 81 N.E. 265; Scott vs. Curtis, 195 N.Y. 424,88 N.E. 794; Mullins vs. Siegel Cooper Co. 193 N.Y. 129,75 N.E. 1112; 13 R.C.L. 439; 70 A.L.R. 1365.)
The use of the opening in the sidewalk being of a particularly hazardous character in respect to pedestrians, makes operative the rule that one undertaking a hazardous enterprise cannot escape liability for injury by employing an independent contractor who uses such door in the usual course of his employment. (Cole vs. City of Durham, 176 N.C. 289,97 S.E. 33, reported with note in 11 A.L.R. 560.)
 The issues are found for the plaintiff. Judgment may be entered for the intervening plaintiff. The Connecticut Light Power Co. to recover of the defendants the sum of $836.68, together with attorney's fee of $50. and costs. The plaintiff, Tony Campus, shall recover of the defendants the sum of $3084.35, less the aforementioned apportionment to the Connecticut Light Power Co., together with costs.