## Lillian Wagman vs. Eugene R. Morse.

Suffolk. November 7, 1946. — November 29, 1946.

Present: Field, C.J., Lummus, Qua, Dolan, & Spalding, JJ.

*Negligence*, Coal hole.

In an action for personal injuries sustained when the plaintiff fell into a coal hole in a sidewalk in front of certain premises because its cover spun off when he stepped on it owing to the fact that particles of coal were in the rabbet in which the cover was set, an answer of the defendant to an interrogatory, propounded by the plaintiff and in substance directing him to state whether or not "on or before" the date of the accident he had "delivered coal to the premises" in question, "Yes, before said date," did not alone warrant a finding that the defendant delivered coal within so short a time before "said date" that it could be inferred that such delivery was the cause of the condition of the coal hole and its cover at the time of the plaintiff's fall, or was the cause of that fall for any other reason.

Tort. Writ in the Superior Court dated May 1, 1943.

The action was tried before *Dowd*, J.

*J. P. Rooney*, (*L. P. Manning* with him,) for the defendant.

*H. S. Avery*, for the plaintiff.

Field, C.J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff as a result of falling into a coal hole in the sidewalk. The defendant moved for a directed verdict. The motion was denied and the defendant excepted. The jury returned a verdict for the plaintiff, but the judge with the assent of the jury reserved leave to enter a verdict for the defendant. The defendant moved for the entry of a verdict for him. This motion was denied and the defendant excepted. The defendant also excepted to a portion of the charge to the jury. Thereafter the judge reported the case for the determination of the questions whether his denial of "the defendant's motions [*sic*] for the entry of verdict for the defendant" was correct and whether the part of the charge to the jury to which the defendant excepted was correct,

The plaintiff testified that while walking on the sidewalk in front of a dwelling house at 26 Mystic Street, Charlestown, on "January 11, 1943, about 8:45 A.M., she stepped down upon a coal hole cover placed in the sidewalk which thereupon spun out of the hole and came to rest on the sidewalk, resulting in the plaintiff's partial fall into the hole." She further testified that, "after her fall, she observed coal particles and coal dust in the rabbet of the coal hole wherein the rim of the cover would normally fit." There was evidence that "the rabbet of the coal hole was a circular groove in the rim thereof an inch or more in depth; that the coal hole cover would not fit therein if the rabbet contained dirt"; and that at about 6:30 A.M. on January 11, 1943, "the cover was all right," and there was "no coal dust on or near the coal hole and coal hole cover." A witness testified that "he saw the plaintiff fall into the hole and noticed, during and after lifting her from the hole, the presence of coal particles and coal dust around the rim of the hole; that there was no snow mixed in with the coal and there were no footprints on the coal and no marks of anyone who had walked on the coal and that the coal was not tramped down." Another witness testified that "he saw the plaintiff fall into the coal hole which was about ten to twelve inches in diameter and immediately thereafter observed small pieces of clean, bright, shiny coal or coal particles and coal dust on the sidewalk covering a circle of two or two and one half inches around the rim of the hole and within the rabbet, a groove around the hole into which the rim of the coal hole cover would normally fit; that pieces of coal about one half or one inch or three fourths of an inch in length were in the rabbet; that bright, shiny coal dust and lumps of coal were piled about an inch high around the coal hole and in the rim where the cover fitted; that he replaced the cover which was upside down on the sidewalk and without any window weight bars, spikes, prongs or rope attached to hold the cover in place; that after clearing the rabbet of coal and coal dust with a pencil and after replacing the cover, he stepped thereon and found it to be solidly in place."

The plaintiff contends that the evidence warranted a find-

ing that her fall was caused by the condition of the coal hole and its cover. And she further contends that the condition of the coal hole and its cover at the time that she stepped upon the cover and fell into the coal hole was caused by conduct of the defendant.

There was, however, no evidence that this condition of the coal hole and its cover or the plaintiff's fall was caused by the defendant's conduct apart at least from the answer to an interrogatory propounded to him by the plaintiff. This interrogatory was as follows: "State whether or not the defendant on or before January 11, 1943, delivered coal to the premises numbered 26 Mystic Street, Charlestown." And the answer thereto was: "Yes, before said date." This answer did not warrant a finding that the condition of the coal hole and its cover at the time of the plaintiff's fall, or the plaintiff's fall, was caused by conduct of the defendant. It did not warrant a finding that the defendant delivered coal to the premises "on" January 11, 1943. It warranted only a finding that the defendant delivered coal at these premises "before" that date. But it did not warrant a finding that the defendant delivered coal at these premises within so short a time "before" that date that it could be inferred that such delivery was the cause of the condition of the coal hole and its cover at the time of the plaintiff's fall or the cause of the plaintiff's fall for any other reason. See *Gillis* v. *Cambridge Gas Light Co.* 202 Mass. 222.

The burden of proving that conduct of the defendant was the cause of the plaintiff's fall rested upon the plaintiff, and that burden was not sustained. The plaintiff was not required to exclude all possibility that her fall was caused without fault of the defendant. *Navien* v. *Cohen,* 268 Mass. 427. But she was required to show a greater probability that her fall resulted from the defendant's conduct than from any other cause. *McCabe* v. *Boston Consolidated Gas Co.* 314 Mass. 493, 496. This she failed to do. No such inference was warranted by the evidence that the defendant had delivered coal at the premises at some indefinite time before the day of the accident. The burden of proof was not shifted to the defendant, nor was he required to make

any explanation of the cause of the coal hole cover being displaced or of the plaintiff's fall in order to secure a directed verdict where the evidence, as here, was not sufficient to warrant a finding for the plaintiff.

The case of *Gillis* v. *Cambridge Gas Light Co.* 202 Mass. 222, is distinguishable. In that case the defendant admitted that "earlier in the day" of the accident to the plaintiff — which was caused by a cover of a coal hole being displaced when the plaintiff stepped upon it — and "within a few hours" thereof the defendant had used the coal hole there in question in making delivery, and it was held that a finding was warranted that the accident was attributable to the defendant's conduct.

It was error for the judge to deny the defendant's motion for a directed verdict and his motion upon leave reserved that a verdict be entered for him. These errors vitiated the verdict for the plaintiff and it cannot stand. In view of this conclusion, it is unnecessary to consider the question reported as to a portion of the charge since this question may not arise in the same form if the case should be retried.

*Verdict set aside.*